## WILSON v. ROBERTS.

JOINT ADVENTURES—ACCOUNTING—SUIT FOR, PROPERLY DISMISSED WHERE PREMATURELY COMMENCED.

A suit for an accounting and to foreclose a mechanic's lien, based upon a contract whereby plaintiff was to construct a building on defendant's lot, she to furnish the money necessary therefor, and the profits to be divided after it was sold, was properly dismissed where it appeared that the property has not yet been sold, and therefore the time for an accounting has not yet arrived, but the dismissal is without prejudice.[1]

Appeal from Wayne; Mandell (Henry A.), J. Submitted April 17, 1925. (Docket No. 127.) Decided October 27, 1925.

---

[1]Accounts and Accounting, 1 C. J. § 84; Dismissal and Nonsuit, 18 C. J. § 87.

Bill by Charles E. Wilson against Lillian Roberts and another for an accounting and to foreclose a mechanic's lien. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Wallace Visscher*, for plaintiff.

*Sherman, Cary & Hampton* (*Victor H. Hampton*, of counsel), for defendant Roberts.

MOORE, J. The plaintiff has appealed from a decree, the material parts of which read:

"1. That the defendant, Lillian Roberts, owned the land described in the bill of complaint herein, and agreed with the plaintiff, Charles E. Wilson, that if he would build and superintend the erection of a two-family flat on said described land, that she, the defendant, Lillian Roberts, would advance money for such construction, and that when the building was completed and the premises sold there would be a division of profits.

"2. That this was the contract between the said plaintiff and defendant, and that said plaintiff, Charles E. Wilson, was working, in what he did, in furnishing labor and materials for himself as well as for the defendant; that the parties were seeking profits jointly and the compensation that each sought was to be determined by the price the property would bring on a sale.

"3. That no sale has been made of the premises; that no purchaser has been produced by either plaintiff or defendant, and no refusal has been made by the defendant, Lillian Roberts, to sell the property, and therefore neither has acquired as yet any profits.

"4. That this is not a bill for an accounting because the time for accounting has not yet arrived.

"5. That the relations between the said plaintiff, Charles E. Wilson, and the defendant, Lillian Roberts, are not such as would justify the placing of a lien on said defendant's premises by the said plaintiff, and that it be decreed that the bill of complaint be dismissed."

Giving the most favorable construction possible to the testimony offered on the part of the plaintiff, it does not show that the time for an accounting and a division of the profits has arisen.    In view of the fact that such time might arise after the filing of the bill of complaint we think it should be dismissed without prejudice.

The decree is affirmed.    The appellee will recover costs.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.